UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JOSEPH COTTMAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 1:13-cv-01793-JMS-DML |
| ) | |
| DUSHAN ZATECKY, et al., ) | |
| ) | |
| Defendants. ) | |

**Entry Discussing Complaint, Dismissing Insufficient Claims, and
Directing Further Proceedings**

Plaintiff Joseph Cottman ("Cottman") is an inmate at Pendleton Correctional Facility. He filed a civil rights complaint on November 8, 2013, and has paid his initial partial filing fee.

Cottman alleges that his right to access to the courts was denied when he was not provided library passes and access to his legal materials in March through May of 2013. He names four defendants: 1) Superintendent Dushan Zastecky; 2) Counselor Thomas Richardson; 3) Counselor Jeff Ballenger; and 4) Correctional Officer Dennis Davis He seeks compensatory damages. The complaint is brought pursuant to 42 U.S.C. § 1983.

**I.**

The complaint is subject to the screening requirement of 28 U.S.C. § 1915A(b). Pursuant to this statute, "[a] complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show that plaintiff is not entitled to relief." *Jones v. Bock,* 549 U.S. 199, 215 (2007).

To satisfy the notice-pleading standard of Rule 8(a)(2) of the *Federal Rules of Civil Procedure*, a complaint must provide a "short and plain statement of the claim showing that the

pleader is entitled to relief." Such statement must provide the defendant with "fair notice" of the claim and its basis. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. . . . A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation omitted). Pro se complaints such as that filed by Cottman are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Erickson*, 551 U.S. at 94; *Obriecht v. Raemisch*, 517 F.3d 489, 491 n.2 (7th Cir. 2008).

Applying the standards set forth above, certain claims are dismissed while other claims shall proceed, consistent with the following:

- **The claim against Superintendent Zatecky is dismissed** for failure to state a claim upon which relief can be granted because the only factual allegations relating to Zatecky are that Cottman sent Zatecky a request for interview to seek assistance in obtaining passes to the law library before Cottman's deadline to file an appellant brief in his appeal of the denial of post-conviction relief in the Indiana state courts passed. Cottman received no response from Superintendent Zatecky. The complaint does not allege any personal participation in any unlawful acts on the part of Superintendent Zatecky. Without personal liability, there can be no recovery under 42 U.S.C. ' 1983. *Burks v. Raemisch,* 555 F.3d 592, 593-94 (7th Cir. 2009) (ASection 1983 does not establish a system of vicarious responsibility. Liability depends on each defendant's knowledge and actions, not on the knowledge or actions of persons they supervise.") (internal citation omitted). "It is well established that there is no *respondeat superior*

liability under § 1983." *Gayton v. McCoy,* 593 F.3d 610, 622 (7th Cir. 2010). If an official, who is not otherwise responsible for allegedly unconstitutional conditions or actions, could be held liable upon being notified by the plaintiff, then a plaintiff could choose to bring any and all officials within the scope of liability simply by writing a series of letters. "[S]uch a broad theory of liability is inconsistent with the personal responsibility requirement for assessing damages against public officials in a § 1983 action." *Crowder v. Lash*, 687 F.2d 996, 1006 (7th Cir. 1982).

- **The claim against Correctional Officer Dennis Davis is dismissed** for failure to state a claim upon which relief can be granted because the only allegation against Officer Davis is that when Cottman was transferred from one cell to another, the personal property inventory form was not filled out correctly by Officer Davis. At best, this claim asserts negligence, and that is not sufficient to state a section 1983 claim. *See Harper v. Albert*, 400 F.3d 1052, 1065 (7th Cir. 2005) (negligence or even gross negligence is not enough to state a claim under § 1983).

No partial final judgment shall issue at this time as to the claims resolved in this Entry.

**II.**

The claims of denial of access to the courts asserted against defendants Counselor Thomas Richardson and Counselor Jeff Ballenger shall proceed.

The clerk shall **issue and serve process** on defendants Counselor Thomas Richardson and Counselor Jeff Ballenger in the manner specified by *Fed. R. Civ. P.* 4(d)(2). Process in this case shall consist of the complaint filed on November 8, 2013, applicable forms, and this Entry.

**IT IS SO ORDERED.**

Date: __12/12/2013__

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**NOTE TO CLERK: PROCESSING THIS DOCUMENT REQUIRES ACTIONS IN ADDITION TO DOCKETING AND DISTRIBUTION.**

Distribution:

Joseph Cottman
#108912
Pendleton Correctional Facility
Inmate Mail/Parcels
4490 West Reformatory Road
Pendleton, IN   46064-9001

Counselor Thomas Richardson
Pendleton Correctional Facility
Inmate Mail/Parcels
4490 West Reformatory Road
Pendleton, IN   46064-9001

Counselor Jeff Ballenger
Pendleton Correctional Facility
Inmate Mail/Parcels
4490 West Reformatory Road
Pendleton, IN   46064-9001