# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | |
|---|---|
| JOSEPH COTTMAN, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Case No. 1:13-cv-01793-JMS-DML |
| THOMAS RICHARDSON, et al., | ) ) ) |
| Defendants. | ) |

**Entry Sustaining Affirmative Defense of Failure to Exhaust
Available Administrative Remedies and Directing Entry of Final Judgment**

## I. Background

This is a civil rights action brought pursuant to 42 U.S.C. § 1983 by Joseph Cottman, an inmate at the Pendleton Correctional Facility ("Pendleton"), alleging denial of access to the courts. Mr. Cottman alleges that he was not provided library passes and access to his legal materials from March through May of 2013. The two remaining defendants are Unit Manager Thomas Richardson and Counselor Jeff Ballenger.

The defendants asserted as an affirmative defense their contention that Mr. Cottman failed to comply with the exhaustion requirement of the Prison Litigation Reform Act ("PLRA"). The defendants reported that this affirmative defense was not amenable to resolution through summary judgment.

A hearing was conducted on July 25, 2014, the parameters of which were established by *Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008). The plaintiff was present in person. The defendants were present in person and by counsel. Documentary evidence was submitted, as well as testimony from the plaintiff, plaintiff's witnesses Benjamin Woody and Undray Knighten, and

from defendants' witnesses Executive Assistant at Pendleton Jessica Hammack, Unit Manager Thomas Richardson, Counselor Jeff Ballenger, Sgt. Jennifer Rinehart, and Wayne Scaife, former Executive Assistant.

The burden of proof as to this defense rests with the defendants. *Dole v. Chandler,* 438 F.3d 804, 809 (7th Cir. 2006). For the reasons explained in this Entry, the Court finds that the defendants met their burden of proof and showed that Mr. Cottman failed to exhaust his administrative remedies prior to filing this lawsuit.

## II. Discussion

### A. Legal Standards

The PLRA requires that a prisoner exhaust his available administrative remedies before bringing a suit concerning prison conditions. 42 U.S.C. ' 1997e(a); *Porter v. Nussle,* 534 U.S. 516, 524-25 (2002). The statutory exhaustion requirement is that "[n]o action shall be brought with respect to prison conditions…by a prisoner…until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter,* 534 U.S. at 532.

"Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Woodford v. Ngo,* 548 U.S. 81, 90-91 (2006) (footnote omitted); *see also Dale v. Lappin,* 376 F.3d 652, 655 (7th Cir. 2004) ("In order to properly exhaust, a prisoner must submit inmate complaints and appeals in the place, and at the time, the prison's administrative rules require.") (internal quotation omitted). "In order to exhaust

administrative remedies, a prisoner must take all steps prescribed by the prison's grievance system." *Ford v. Johnson,* 362 F.3d 395, 397 (7th Cir. 2004).

**B. Findings of Fact**

Having considered the evidence presented at the hearing, the Court makes the following findings of fact:

The Indiana Department of Correction has a three step administrative remedy process for inmates which is set forth in the "Offender Grievance Process" policy No. 00-02-301 ("Grievance Policy"). First, an inmate must attempt to resolve the grievance informally by communicating with prison staff. Second, if the informal grievance is not successful, the inmate can file a written formal grievance with the Executive Assistant. Third, if not satisfied with the Executive Assistant's response, the inmate can file an appeal. Jessica Hammack has served as the Executive Assistant at Pendleton since March of 2013.

Inmates may obtain grievance forms from Ms. Hammack or from any housing unit law library. Inmates may submit grievance forms in one of two padlocked boxes in the dining hall, through office mail, or by hand delivery to Ms. Hammack. Ms. Hammack is the only staff person who retrieves grievances from the boxes in the dining hall.

When Ms. Hammack receives a formal grievance, she reviews it to determine whether it is completely filled out and signed. If the grievance is not complete, Ms. Hammack returns the grievance to the inmate with a "return of grievance" form which notifies the inmate of the errors on the grievance. Ms. Hammack does not retain a copy of the grievance at that point, but she does keep a copy of the return of grievance form in her files. An incomplete grievance does not get entered into the OGRE electronic system.

If a grievance is completely filled out and has no errors, Ms. Hammack assigns it a number and logs it into the OGRE electronic system. She writes the grievance number on the top right-hand corner of the grievance and signs and dates the bottom of the grievance. Ms. Hammack enters into the OGRE system the offender's name and identification number, his housing location, the relief he is seeking, the staff member he contacted, and the staff member Ms. Hammack contacted to help resolve the issue. Ms. Hammack then issues a response to the grievance.

If the offender is not satisfied with the response, he can file an appeal. In addition, if an inmate does not receive a response to his grievance within 25 days, the Grievance Policy provides that he may proceed by filing an appeal. Appeal forms are available from Ms. Hammack or from any housing unit law library. When Ms. Hammack receives an appeal, she enters information on the appeal, such as the date and her signature, and enters the appeal information into the OGRE system. She then scans the appeal and sends it to Linda Vanetta, the prison staff person who responds to the appeals. Ms. Hammack gives to the inmate a receipt stating the date that the appeal went to Ms. Vanetta.

If there is an error on the inmate's appeal, Ms. Hammack returns the appeal to the inmate with a memo explaining what is wrong. The inmate may then fix the problem and resubmit the appeal.

As of the date of the hearing, Ms. Hammack had not received any completed grievances or appeals from Mr. Cottman. She also had not returned any grievance or appeal to Mr. Cottman with a return of grievance form or memo identifying any errors.

Mr. Cottman submitted with his complaint a copy of two grievance forms, dated April 2 and May 28, 2013, respectively, and two appeals, dated May 8 and July 8, 2013, respectively.

(Exs. B, C, D, and E). Each grievance alleged problems with receiving law library passes or with obtaining his legal paperwork. None of those four documents were submitted to or received by Ms. Hammack.

Inmate Woody testified that he submitted a grievance on March 13, 2014. The grievance was returned to him with a return of grievance form, signed by Ms. Hammack, informing Mr. Woody that he needed to contact a Lt. Caylor about the matter at issue. Mr. Woody could not reach Lt. Caylor within the required time frame, so he filed an appeal.

Inmate Knighten testified that he submitted a grievance on November 28, 2012. Mr. Wayne Scaife, the former Executive Assistant at Pendleton, returned the grievance to Mr. Knighten on December 4, 2012, noting that the form was not filled out properly. Mr. Knighten submitted another grievance on December 12, 2012, and he received in response a return of grievance form dated the same day, notifying him that there was not sufficient information to warrant an investigation.

**C. Analysis**

The testimony of Ms. Hammack, Executive Assistant, was credible. She testified in detail as to how she consistently performs her job. Her records reflect that no grievances or appeals were submitted by Mr. Cottman in 2013.

Mr. Cottman's witnesses, in fact, bolstered the defendants' position that the grievance process works in the manner that Ms. Hammack described. Each inmate submitted grievances and because the grievances were not complete, the inmates received the return of grievance form with their rejected grievances. To believe Mr. Cottman's version of the facts, a finder of fact would have to accept that Mr. Cottman submitted four different grievances/appeals, none of

which were acknowledged by Ms. Hammack or recorded in the prison OGRE system. There is no credible evidence that supports such a finding.

Strict compliance is required with respect to exhaustion, and a prisoner must properly follow the prescribed administrative procedures in order to exhaust his remedies. *See Dole,* 438 F.3d at 809. Although "[p]rison officials may not take unfair advantage of the exhaustion requirement, … and a remedy becomes 'unavailable' if prison employees do not respond to a properly filed grievance," *id.,* the record does not reflect that the grievance procedure at Pendleton was unavailable to Mr. Cottman at any time in 2013, and more specifically, from April through July of 2013.

Under these circumstances, the defendants have met their burden of proving that there was an available administrative grievance procedure that Mr. Cottman failed to complete before he filed this lawsuit.

### III. Conclusion

The consequence of these circumstances, in light of 42 U.S.C. § 1997e(a), is that Mr. Cottman's action should not have been brought and must now be dismissed without prejudice. *See Ford,* 362 F.3d at 401 ("We therefore hold that *all* dismissals under § 1997e(a) should be without prejudice."); *see also Pozo v. McCaughtry,* 286 F.3d 1022, 1024 (7th Cir. 2002) (explaining that "a prisoner who does not properly take each step within the administrative process has failed to exhaust state remedies, and thus is foreclosed by § 1997e(a) from litigating. Failure to do what the state requires bars, and does not just postpone, suit under § 1983.").

Judgment consistent with this Entry and with the Entry of December 12, 2013, dismissing other defendants, shall now issue.

**IT IS SO ORDERED.**

Date: 08/05/2014

*Jane Magnus-Stinson*
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

All electronically registered counsel

Joseph Cottman
#108912
Pendleton Correctional Facility
Inmate Mail/Parcels
4490 West Reformatory Road
Pendleton, IN   46064-9001